Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Lee Dozier, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| Timothy L Dunkin, individually and Trustee of The 2007 Timothy L. Dunkin and Jill C. Dunkin Revocable Trust, Jill C. Dunkin, individually and Trustee of The 2007 Timothy L. Dunkin and Jill C. Dunkin Revocable Trust, and Entrust Administration Inc., | **Jury Trial Demanded** |
| Defendants. | |

Plaintiff Lee Dozier ("Plaintiff") alleges the following:

## INTRODUCTION

1.      Plaintiff brings this action against Timothy L Dunkin, individually and Trustee of The 2007 Timothy L. Dunkin and Jill C. Dunkin Revocable Trust, Jill C. Dunkin, individually and Trustee of The 2007 Timothy L. Dunkin and Jill C. Dunkin Revocable Trust, and Entrust Administration Inc., ("Defendants") for unlawfully discriminating against Plaintiff because of his disability at the Wienerschnitzel ("Wienerschnitzel") located at 204 McHenry Avenue in Modesto, California ("Property").

2.      Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California statutes.

**PARTIES**

3.     Plaintiff is a natural person. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4.     Defendant Timothy L Dunkin is believed to be a natural person who is resident of California and a Trustee of The 2007 Timothy L. Dunkin and Jill C. Dunkin Revocable Trust, believed to own, operate, and/or be otherwise responsible for the Property.

5.     Defendant Jill C. Dunkin is believed to be a natural person who is resident of California and a Trustee of The 2007 Timothy L. Dunkin and Jill C. Dunkin Revocable Trust, believed to own, operate, and/or be otherwise responsible for the Property.

6.     Defendant Entrust Administration Inc. is California corporation with its principal address in Oakland, California, which is believed to own, operate, and/or be otherwise responsible for the Property.

**JURISDICTION**

7.     The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

8.     Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

**VENUE**

9.     Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property is in this district and that Plaintiff's claims arose in this district.

**FACTUAL ALLEGATIONS**

10.     Plaintiff is 81 years old.

11.     Plaintiff's wife suffered from a stroke in 2022, and Plaintiff spends a large amount of his time caring for his wife.

12.     Plaintiff is disabled. He used to work in construction building houses.

13.     Construction work can cause a disability over time. One way is through repetitive strain injuries, which can occur when a person performs the same task over and over again, such as using a

tool or lifting heavy objects. This can lead to pain and stiffness in the joints and muscles, and can eventually lead to a loss of function in the affected body part. Construction work can be physically demanding, and can put a lot of strain on the body. And this can lead to injuries such as sprains and strains, and can increase the risk of developing chronic conditions such as back pain or arthritis.

14.     Plaintiff's past construction work took a toll on his body. As a result, Plaintiff has significant mobility issues, including a bad back.

15.     Plaintiff utilizes a ride-on scooter to help get around on a day-to-day basis when he finds it otherwise too difficult to walk on his own.

16.     Plaintiff's symptoms limit, some substantially, his major life activities.

17.     A bad back can substantially limit a person's major life activities by making it difficult for them to engage in physical activities and maintain a good quality of life. For example, if a person has chronic back pain, it can make it difficult for them to perform physical activities, such as walking, standing, or lifting objects. This can make it difficult for them to engage in activities that require physical exertion, such as sports or exercise, and can limit their ability to participate in activities that they enjoy.

18.     Furthermore, a bad back can also cause emotional and mental distress. Chronic pain can lead to feelings of frustration, anxiety, and depression, which can affect a person's overall quality of life.

19.     On August 1, 2023, Plaintiff personally visited the Wienerschnitzel located at 204 McHenry Avenue in Modesto, California. Plaintiff was hungry and purchased some french fries and a diet soda.

20.     Unfortunately, upon arriving at the Wienerschnitzel, Plaintiff immediately noticed that the accessible parking was in a state of disrepair.

21.     Specifically, the striping is severely faded; the perimeter of the access aisle is not outlined with blue striping; Defendants do not provide the NO PARKING lettering in the access aisle; the access aisle is too steep in places, believed and alleged to have slopes greater than 2%; and there is no accessible path of travel from the access aisle to the front of the building where the main sales counter is located.

1    22.    Moreover, Defendants do not provide directional signage directing disabled customers

2    to the front main counter from the parking lot.

3    23.    Lastly, the lower portion of the sales counter does not extend the full depth of the main

4    countertop.

5    24.    Ensuring that accessible parking spaces meet established guidelines and regulations is

6    critical for a number of reasons. The blue striping around the perimeter of the access aisle is important

7    because it clearly delineates the area that should be kept free for individuals with disabilities. This

8    striping helps to prevent other vehicles from infringing on this space, thereby maintaining its

9    availability for those who need it. Similarly, the NO PARKING lettering is essential to prevent

10   unauthorized use of the access aisle. Faded striping and missing signage can cause confusion and may

11   result in the misuse of these spaces, negating their intended purpose.

12   25.    Moreover, the dimensions of the accessible parking space itself are crucial. If the space

13   is too narrow or not long enough, it may not accommodate specially-adapted vehicles or provide

14   enough room for individuals with disabilities to maneuver in and out of their vehicles comfortably and

15   safely. This could lead to difficulties, discomfort, or even potential harm for individuals with

16   disabilities. It can also discourage them from visiting places where they cannot park safely and

17   conveniently. Therefore, it's vital to maintain these spaces to the required standards, ensuring their full

18   utility and accessibility.

19   26.    The lower portion of a sales counter extending the full depth of the main countertop is

20   crucial for ensuring accessibility and inclusivity for patrons with disabilities. By extending the lower

21   portion the full depth, businesses ensure that those in wheelchairs or using other mobility devices can

22   approach and access the counter without obstruction, making it easier for them to conduct transactions

23   comfortably and maintain line-of-sight with staff. Furthermore, a counter designed in this manner

24   reduces the reach required for goods, services, or payment devices, thereby accommodating the diverse

25   range of mobility and reach capabilities among disabled patrons. Failing to adhere to these guidelines

26   hampers the user experience for disabled patrons.

27   27.    Plaintiff's mobility limitations make it very difficult for Plaintiff to travel long

28   distances. Plaintiff relies on properly configured and conveniently placed accessible parking to run his

LAW OFFICE OF
RICK MORIN

daily errands for himself and his severely ill spouse.

28. Wienerschnitzel and the Property are public accommodations and business establishments.

29. The Property is believed to have undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

30. Because of barriers at the Property, Plaintiff's full access to the facilities, goods, and services at the Property and Wienerschnitzel were hampered, causing him difficulty, discomfort, and/or embarrassment.

31. Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer embarrassment and humiliation.

32. Plaintiff enjoys the food at Wienerschnitzel and would like to return once Defendants remove the accessibility barriers at the property.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

Against all Defendants

33. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

34. Defendants has denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of Defendant's Property and the Wienerschnitzel.

Failure to Remove Architectural Barriers at an Existing Property

35. Defendants has failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

36. For those barriers where it is not reasonably achievable to remove them, if any, Defendants has failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

37.     The improvements on the Property where the Wienerschnitzel is located are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

38.     Defendants violated the ADA by failing to design and construct the facilities on the Property and at the Wienerschnitzel in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

Failure to Make an Altered Facility Accessible

39.     Plaintiff believes and alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

40.     The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

41.     Defendants altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

Failure to Maintain Accessible Features

42.     Defendants violated the ADA by failing to maintain in operable and working condition those features of the Property that are required to be readily accessible to and be usable by persons with disabilities.

43.     Defendant's failure in maintaining the Property in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

44.     The configuration and condition of Defendant's Property denied Plaintiff a public accommodation due to Plaintiff's disability.

45.     It is readily achievable for Defendants to remove the architectural barriers.

46.     Defendants does not have any legitimate business justification to excuse the condition and configuration of the Property.

47.     Defendant's violations are the cause of suffering for Plaintiff.

48.     Plaintiff prays for all relief available under the ADA, including injunctive relief that

LAW OFFICE OF
RICK MORIN

prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

**SECOND CAUSE OF ACTION**

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

Against all Defendants

49.     Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

50.     As described above, Defendants intentionally discriminated against Plaintiff during his visit to the Property.

51.     The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

52.     Defendants violated the ADA.

53.     Defendants' acts and omissions are in violation of the Unruh Civil Rights Act, and have denied to Plaintiff his rights to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

54.     Plaintiff was harmed.

55.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

56.     As a result of the violation of Plaintiffs civil rights, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

57.     Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

**PRAYER**

Plaintiff hereby prays for the following:

1.     Injunctive relief compelling Defendants to cease the discrimination against disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2.     Damages under the Unruh Civil Rights Act of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52 and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: September 25, 2023                    Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff